IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 08-cv-00487-WYD-KMT

DERRICK L. ARANDA,

      Plaintiff,

v.

L.T. McCORMAC,
L.T. STRODE,
SGT. P. ADERSON, and
LENORD VIGIL,

      Defendants.

_____

**ORDER ADOPTING AND AFFIRMING
MAGISTRATE JUDGE'S ORDER**

_____

I.     INTRODUCTION

     This matter is before the Court on the Recommendation of United States

Magistrate Judge Kathleen M. Tafoya entered October 1, 2009 [#90], in which she

recommends that Plaintiff's *pro se* "Cause for Preliminary Injunction" and his

"Declaration" in support, [#'s 57 & 58] filed June 25, 2009, be denied.  The

Recommendation is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(A),

Fed. R. Civ. P. 72(a), D.C.COLO.LCivR. 72.1(C)(1).

     Since Plaintiff filed a timely Objection on October 9, 2009, I must review the

Recommendation to determine whether it is "clearly erroneous or contrary to law" since

the nature of the matter is nondispositive.  Fed. R. Civ. P. 72(a).  "An order is clearly

erroneous when the reviewing court on the entire evidence is left with the definite and

firm conviction that a mistake has been made." *Cook v. Rockwell Int'l Corp.*, 147 F.R.D. 237, 242 (D. Colo. 1993).

II.     BACKGROUND

Plaintiff is an inmate within the Colorado Department of Corrections ("CDOC"). Plaintiff pled guilty to one charge of "robbery/Agg-Menace victim w/deadly weapon" and was sentenced to twenty-five years in the CDOC on July 12, 2009.  The state sentencing court recommended that Plaintiff be placed in an out-of-state facility because he had previously cooperated with the Adams County Sheriff's Office and testified against two know "GKI" gang members.  Despite this recommendation and the known danger to Plaintiff, when Plaintiff arrived at the Buena Vista Correctional Facility he was placed in a cell with a GKI gang member and assaulted.  He brings claims against employees of the CDOC for violation of his Eight and Fourteenth Amendment rights based on Defendants' alleged failure to protect him from an assault by his cellmate.

In his request for preliminary injunction, Plaintiff sought an order enjoining the Defendants from housing him with known GKI members and from putting him in any situation that might cause him injury at the hands of GKI members.  On February 4, 2009, Plaintiff was transferred to the Centennial Correctional Facility ("CCF").  On February 19, 2009, Plaintiff was transferred to another pod at CCF to allow his participation in the Progressive Reintegration Opportunity Unit ("Pro Unit").  Plaintiff was transferred to maximum administrative segregation on April 12, 2009, and as of May 4, 2009, he was placed in "Pod E" at CCF, awaiting an opening in the Pro Unit Program. Following his participation in the Pro Unit Program, it is likely that Plaintiff would be

transferred out of CCF.  On rare occasions it is recommended that an offender be held in a permanent party pod at CCF.  Plaintiff's request for out-of-state placement is pending.

On September 18, 2009, Magistrate Judge Tafoya held an evidentiary hearing on the request for preliminary injunction.  At the hearing, Plaintiff changed the nature of the injunctive relief sought, and he now requests that Defendants transfer him to another correctional facility or house him in permanent party status at CCF upon his transfer out of the Pro Unit Program while he awaits out-of-state placement.

III.     RECOMMENDATION

"To obtain a preliminary injunction, the movant must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest."  *General Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007).  I note that the primary purpose of a preliminary injunction is to preserve the status quo pending a final determination of the parties' rights.  *Otero Savings and Loan Ass'n v. Federal Reserve Bank of Kansas City, Mo.*, 665 F.2d 275, 277 (10th Cir. 1981).  However, "when a preliminary injunction would alter the status quo, . . .  the movant bears a heightened burden and 'must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms.'"  *General Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007) (quotation omitted).

As to the first requirement that Plaintiff show a substantial likelihood of success

on the merits of his claim, Magistrate Judge Tafoya found that "there is no evidence that Defendant placed Plaintiff in a cell knowing that he could not be protected or that defendants deliberately placed him in harm's way."  "The evidence presented at the preliminary injunction hearing reveals that since the initial assault, Defendants have done everything they can to assure that Plaintiff is not housed with any GKI members and that they have accommodated Plaintiff's requests to be moved away from other inmates when the Plaintiff has notified defendants of a potential danger or threat." Therefore, Magistrate Judge Tafoya concluded that this factor does not weigh in favor of either Plaintiff or the Defendants.  *See* Recommendation at 8.

However, as to the requirement that Plaintiff suffer irreparable injury if his request is denied, Magistrate Judge Tafoya found that Plaintiff has already been assaulted at least once by a GKI member, and that Plaintiff is on a "green light list" meaning that GKI members are ordered to do a "hit" on Plaintiff, and that this factor weighs "heavily in favor of Plaintiff."  *See* Recommendation at 6-7.

Concerning the requirement that Plaintiff demonstrate that any threatened injury to him does not outweigh the injury to Defendants, Magistrate Judge Tafoya found that this factor weighs heavily in favor of the Defendants.  *See* Recommendation at 9. Magistrate Judge Tafoya noted that "Defendants assert that ensuring Plaintiff is not housed with any gang member would be nearly impossible, as of the approximately 336 offenders house at CCF, approximately 256 are gang members."  *See* Recommendation at 8.  Magistrate Judge Tafoya continued, "Plaintiff has failed to articulate how his request not to house him with any gang members could be carried out with minimal impact on Defendants' day-to-day decisions.  The court also does not

understand how housing Plaintiff in permanent party placement at CCF would prevent

him from injury at the hands of other gang members also placed in population at CCF."

*See* Recommendation at 8-9.  Magistrate Judge Tafoya concluded that "interference

with Defendants' placement decisions would significantly under the CDOC's discretion

and autonomy."  *See* Recommendation at 9.

Finally, as to the requirement that Plaintiff demonstrate that the requested

injunction is not adverse to the public interest, Magistrate Judge Tafoya found that this

factor weighs in favor of Defendants because Defendants have shown that interference

with inmate placement decisions is adverse to the public interest because Defendants

placement decisions "are made by the office of Offender Services after considering

numerous factors such as provision of medical and mental health services, providing

appropriate programmatic services, age, security issues and custody issues an offender

may have with other inmates, and that the CDOC should not be precluded from making

these decisions based upon review of these and additional inmate specific information it

has in its files."  *See* Recommendaiton at 9-10.

After concluding that Plaintiff had failed to satisfy the four prerequisites to

obtaining a preliminary injunction, Magistrate Judge Tafoya recommended that

Plaintiff's request for preliminary injunction be denied.  *See* Recommendation at 10.

IV.   PLAINTIFF'S OBJECTIONS

Turning to Plaintiff's Objections, I first note that, Plaintiff has included within his

Objections a request for additional time to file additional Objections, stating that he is

still in the process of obtaining discovery that will support the merits of his claim.  This

request will be denied.  I review Magistrate Judge Tafoya's Recommendation to

determine if it is clearly erroneous or contrary to law based on the evidence presented in the parties' pleadings and at the hearing, not new evidence that later becomes available through the discovery process.

Turning to Plaintiff's remaining Objections, Plaintiff first objects to the portion of the Recommendation where the Magistrate Judge "ruled" that Plaintiff had not shown he will suffer irreparable harm.  *See* Objection at 2.  However, as discussed above, Magistrate Judge Tafoya found that Plaintiff had established that he would suffer irreparable harm, therefore, I need not discuss this portion of the Objection.

Next, Plaintiff objects to Magistrate Judge Tafoya's conclusion that he has failed to establish a likelihood that he wills succeed on the merits of his claims.  *See* Objection at 3-7. Specifically, Plaintiff objects to Magistrate Judge Tafoya's conclusion that there is no evidence that Defendants' placed the Plaintiff in a cell knowing that he could not be protected or that they deliberately placed him in harms way. *See* Objection at 6. Plaintiff then proceeds to discuss his evidence of "deliberate indifference" citing to several bates numbered documents.  However, it is not clear whether these documents were part of the record before Magistrate Judge Tafoya at the evidentiary hearing and I note than none of the documents cited are attached to Plaintiff's Objection.  While Plaintiff discusses testimony presented at the hearing that would indicate Defendants are currently aware of his custody issues concerning GKI gang members, he does not present evidence or cite to specific testimony to indicate that Defendants were aware of his custody issues prior to his assault at the Buena Vista Correctional Facility.  While Plaintiff may gather additional evidence of deliberate indifference through the discovery process, based on the evidence presented in connection with the request for preliminary

injunction, I cannot conclude that Magistrate Judge Tafoya's conclusions on this issue are clearly erroneous or contrary to law.  I further note that Magistrate Judge Tafoya's findings with respect to whether Plaintiff has established a likelihood of success on the merits of his claim is a preliminary recommendation, based on the evidence presented in the context of Plaintiff's request for preliminary injunction.  This conclusion does not constitute a dismissal of Plaintiff's claims and does not foreclose Plaintiff from obtaining additional discovery or presenting additional evidence on this issue at a later time as the case moves forward.

Next Plaintiff objects to Magistrate Judge Tafoya's conclusion that any threatened injury to him does not outweigh the injury to Defendants.  *See* Objection at 7.  While I agree with Magistrate Judge Tafoya that Defendants have a strong interest in retaining autotomy with respect to their inmate placement decisions, I also note that Magistrate Judge Tafoya found that GKI members are currently under orders to do a "hit" on Plaintiff.  Moreover, she disagreed with Defendants' assertion that they are able to prevent Plaintiff from coming into contact with GKI members once Plaintiff progresses out of the Pro Unit Program.  Although it is a close call, I do not find that Magistrate Judge Tafoya's conclusion as to this factor to be erroneous or contrary law.  Therefore, I also conclude that Magistrate Judge Tafoya's ultimate recommendation that Plaintiff failed to meet the requirements necessary to obtain a preliminary injunction is not erroneous or contrary to law.

For the reasons outlined above, the Recommendation of the United States Magistrate Judge Tafoya, dated October 1, 2009 [#90], is **AFFIRMED and ADOPTED**.

Accordingly, it is

ORDERED that Plaintiff's pro se "Cause for Preliminary Injunction" and his

"Declaration" in support, [#'s 57 & 58] filed June 25, 2009, be **DENIED**.

Dated:  November 13, 2009

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge