IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08-cv-00487-WYD-KMT


DERRICK L. ARANDA, #99396,

      Plaintiff,

v.

L.T. MCCORMAC,
L.T. STRODE,
SGT. P. ADERSON, and
LENORD VIGIL,

      Defendants.

---

**ORDER**

---

This matter is before the court on Plaintiff's "Motion for a Order for Oregon Dept. Of

Corrections to Follow the Order by the U.S. District Court of Colorado to allow me to proceed

with Legal Material to proceed with litigation issues before the court" (Doc. No. 147 [hereinafter

"Mot. for Order"], filed April 2, 2010), Plaintiff's "Motion for Extension of Time" (Doc. No.

148 [hereinafter "Mot. for Extension"], filed April 2, 2010), and Plaintiff's "Motion for

Appointment of Counsel" (Doc. No. 149 [hereinafter "Mot. for Counsel"], filed April 2, 2010).

In his Motion for Order, Plaintiff states he was moved to the Oregon Department of

Corrections ("ODOC") from the Colorado Department of Corrections ("CDOC") on March 2,

2010.  (Mot. for Order, ¶ 1.)  Plaintiff asserts he was "not allowed to take any material with him"

and that he is waiting for the CDOC to send his property to him.  (*Id.*, ¶ 2.)  Defendants respond

that on February 2, 2010, Plaintiff sent a "Request for Interview" to Correctional Officer

Meisner at the Centennial Correctional Facility ("CCF").  (Doc. No. 152, ¶ 3; Ex. A.)  In

Plaintiff's request, he indicated that he had recently been accepted for transfer out-of-state and

would like to know exactly what he would be permitted to take with him to Oregon.  (*Id.*, ¶ 4;

Ex. A.)  In response to Plaintiff's request, on February 23, 2010, Correctional Officer Meisner

sent Aranda a Kite Response indicating that offenders that are being transferred out-of-state are

permitted to take any legal work pertaining to current cases, medications, and prescription

eyeglasses.  (*Id.*, ¶ 5; Ex. B.)  Defendants state that Offenders are required to provide

information specifying where the offender would like their property sent, as they are not

permitted to take personal property.  (*Id.*, ¶ 6.)  Defendants aver that prior to Plaintiff's departure

for Oregon, Plaintiff provided three large manila envelopes to the property sergeant at the CCF's

Sergeant Morris, with information detailing where he would like the envelopes to be sent.  (*Id.*)

The envelopes were sent to the requested destination.  (*Id.*)  Defendants contend that, also prior

to Plaintiff's departure, he packed his property into three separate boxes, and that Plaintiff chose

not to take his legal paperwork with him, but instead he packed his legal documents into one of

the three boxes.  (*Id.*, ¶ 7.)  Defendants state that the box containing his legal documents was sent

to the address he provided on March 3, 2010.  (*Id.*, ¶¶ 8, 9.)  Defendants state that the remaining

two boxes contained personal items, one of which was sent to Laura Aranda, and one of which

remains at the CDOC and which contains personal items.  (*Id.*, ¶¶ 10, 11; Exs. D, E.)  Thus, it is

clear that Plaintiff chose not to take his legal materials with him to the ODOC, despite being

advised he would be able to do so.

Plaintiff first seeks an order requiring the ODOC to provide him with legal materials because the ODOC "does not follow" the Federal Rules of Civil Procedure and the local rules for the United States District Court for the District of Colorado. (Mot. for Order, ¶ 3.) In the context of a plaintiff serving time in an out-of-state prison system pursuant to the Interstate Corrections Compact ("ICC"), "the general rule imposes upon the sending state authorities the responsibility for ensuring their prisoners incarcerated in sister state facilities are afforded access to state courts." *Clayton v. Tansy*, 26 F.3d 980, 982 (10th Cir. 1993). As such, Colorado, as the sending state, bears the "burden of providing the required state legal materials." *Id.*

Plaintiff states he has been told by the ODOC to contact the Colorado Department of Corrections to obtain the materials he needs. (Mot. for Order, ¶¶ 4.) Defendants agree that Plaintiff is permitted to write the law library at CCF regarding any legal research he feels he needs. (Doc. No. 152, ¶ 16.) However, Plaintiff states, "By the time Plaintiff contacts C.D.O.C. and Plaintiff has legal material sent from C.D.O.C. law library to him the process will take up to two weeks just to receive it than [sic] another few weeks to pre-pair his response to the courts." (*Id.*) Regardless, it is not the responsibility for the ODOC to provide Colorado legal materials to Plaintiff. As such, Plaintiff's motion to require the OCOC to provide him with legal materials is denied.

Plaintiff next seeks an order requiring the ODOC to "follow orders by the court to set up pre-trial conference when schedule[d] as O.D.O.C. will not do so unless directly informed by the court judge." (Mot. for Order, ¶ 7.) If and when the Court sets a hearing or pretrial conference, the Court will notify the plaintiff, the CDOC, and the ODOC in order that Plaintiff may attend by

telephone. At this time, there are no hearings or pretrial conferences scheduled. As such,

Plaintiff's motion in this regard is denied as moot.

Next, Plaintiff requests that the court order the ODOC to "send Plaintiff back to Colorado

for trial and possibly till his litigation matters are done with in Colorado and to be housed at the

D.R.D.C. . . ." (*Id.*, ¶ 8.) This request is directly contrary to Plaintiff's requests throughout the

course of this litigation and the request for relief listed in his Amended Prisoner Complaint—that

the defendants be required "to transfer the plaintiff out of state to another DOC facility

compatible with his safety needs." (Doc. No. 13 at 11.) Plaintiff's motion for preliminary

injunction to require the defendants to house him in a specific CDOC facility pending out-of-

state placement was previously been denied by Chief Judge Daniel. (*See* Doc. No. 99.) In the

Recommendation that Plaintiff's motion for preliminary injunction be denied, this court stated:

> [I]nterference with Defendants' placement decisions would significantly
> undermine the CDOC's discretion and autonomy. *See Taylor v. Freeman*, 34
> F.3d 266, 269–70 (4th Cir. 1994). The Tenth Circuit has stated that it "abhor[s]
> any situation or circumstance requiring the intervention of the federal courts in
> matters involving the administration, control, and maintenance by the sovereign
> states of their penal systems. It is a delicate role assigned to the federal courts to
> display that restraint so necessary 'in the maintenance of proper federal-state
> relations.'" *Battle v. Anderson*, 564 F.2d 388, 392 (10th Cir. 1997) (citation
> omitted). As such, "intervention in the management of state prisons is rarely
> appropriate when exercising the equitable powers of the federal courts . . . .
> [This] is especially true where mandatory injunctive relief is sought and only
> preliminary findings as to the plaintiff's likelihood of success on the merits have
> been made." *Taylor*, 34 F.3d at 269 (citations omitted).

(Doc. No. 90 at 9.) This reasoning also applies to Plaintiff's renewed request for placement at

the DRDC. As such, Plaintiff's motion in this regard is denied.

4

In Plaintiff's Motion for Extension of Time, he seeks an additional sixty days, until June 31, 2010, to file his reply in support of his "Dispositive Motion" (Doc. No. 114) filed January 6, 2010. (Mot. for Extension.) After being granted an extension by this court (Doc. No. 118), Defendants filed their response to the plaintiff's dispositive motion on February 17, 2010 (Doc. No. 128.) As such, Plaintiff's reply would have been due on March 8, 2010. On March 16, 2010, Plaintiff was granted an extension of time to April 15, 2010, within which to file his reply. (Doc. No. 140.) This court also directed the Clerk of Court to send Plaintiff copies of his own dispositive motion and the defendants' response. (*Id.*) The Clerk of Court mailed the copies to Plaintiff on March 16, 2010, to his address on record at the time at Coffee Creek Correctional Facility ("CCCF") in Wilsonville, Oregon. (Doc. No. 143.) On March 31, 2010, the defendants filed a status report in which they advised the court that Plaintiff was no longer housed at the CCCF. (Doc. No. 145.) When Plaintiff filed the current motions at issue, he listed his address as the Oregon State Penitentiary. (Doc. No. 147 at 4.) However, the court has received no returned mail sent to Plaintiff at the CCCF. As such, it appears Plaintiff has received the Order granting Plaintiff's extension of time and the documents sent to Plaintiff.

Plaintiff was advised on March 24, 2010, that the ODOC did not have access to out-of-state research and that he would have to contact the CDOC library to obtain the research. (*Id.* at 3.) Instead of requesting the materials from the CDOC, Plaintiff filed the present motion for extension of time, which he dated on March 29, 2010, and filed on April 2, 2010. (Doc. No. 148.) At the time Plaintiff was notified the ODOC was not able to provide Plaintiff with the legal materials he requested, Plaintiff had 22 days until his reply would have been due—giving

Plaintiff sufficient time to request materials from the CDOC and to prepare and file his reply on

April 15, 2010. The court notes that it is Plaintiff's own failure to take his legal paperwork with

him to Oregon and Plaintiff's own lack of diligence that have caused many of his problems.

Accordingly, Plaintiff's motion for a sixty-day extension of time to file his reply is denied.

However, Plaintiff is granted an extension of time up to and including April 30, 2010, to file his

reply in support of his dispositive motion. No further extensions will be granted.

Finally, Plaintiff seeks appointment of counsel to represent him in this case.[1] The

plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 in a prisoner's civil rights

case filed pursuant to 42 U.S.C. § 1983. Counsel cannot be appointed and paid pursuant to 28

U.S.C. § 1915(e)(1) for this type of case. This court does, however, have broad discretion to

direct the Clerk of Court to attempt to obtain volunteer counsel for a plaintiff in a civil case. *See*

*DiCesare v. Stuart*, 12 F.3d 973, 979 (10th Cir. 1993). In making this decision, the court

considers the following factors: (1) the merits of the litigant's claims, (2) the nature of the factual

issues raised in the claims, (3) the litigant's ability to present his claims, and (4) the complexity

of legal issues raised by the claims. *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir.

1995).

The court notes Plaintiff's previous three requests for appointment of counsel have been

denied. (*See* Doc. Nos. 11, 43, and 55.) The only new reason asserted by Plaintiff for his

---

[1]Plaintiff asserts he is entitled to counsel pursuant to 28 U.S.C. § 2254 and 18 U.S.C. §
3006A. (Mot. for Counsel at 4.) However, Plaintiff is not filed a petition for habeas corpus
relief under 28 U.S.C. § 2254, nor is he defendant in a criminal matter entitled to representation
under 18 U.S.C. § 3006A.

request is that he has been moved to the ODOC and "not allowed to take any material with him .

. ." and that the time it will take for him to request legal materials from the CDOC library "places

a huge burden on plaintiff when preparing his case . . . ." (Mot. for Counsel at 2–3.) The

plaintiff's transfer to another state's facility is not by itself a hardship that warrants the

appointment of counsel. Again, this court finds that it is Plaintiff's own failure to take his legal

paperwork with him to Oregon and Plaintiff's own lack of diligence that have caused many of

his problems. Additionally, this court cannot overlook the fact that Plaintiff has repeatedly

sought a transfer to an out-of-state facility. Plaintiff fails to provide additional support for this

court to grant his motion under the relevant factors to be considered. Moreover, Plaintiff has

more than adequately represented himself in this matter, including successfully defending

defendants' motion to dismiss. The factual and legal issues raised by the plaintiff's claims are

not complex. Having considered the relevant factors for appointment of counsel, the court again

denies Plaintiff's request for appointment of counsel.

Accordingly, it is

**ORDERED**

1. Plaintiff's "Motion for a Order for Oregon Dept. Of Corrections to Follow the

   Order by the U.S. District Court of Colorado to allow me to proceed with Legal

   Material to proceed with litigation issues before the court" (Doc. No. 147) is

   DENIED;

2.      Plaintiff's "Motion for Extension of Time" (Doc. No. 148) is GRANTED in part.

        Plaintiff shall have up to and including April 30, 2010, to file his reply in support

        of his dispositive motion; and

3.      Plaintiff's "Motion for Appointment of Counsel" (Doc. No. 149) is DENIED.

Dated this 8th day of April, 2010.

                                    **BY THE COURT:**

                                    _____
                                    Kathleen M. Tafoya
                                    United States Magistrate Judge