IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08-cv-00487-WYD-KMT

DERRICK L. ARANDA, #99396,

    Plaintiff,

v.

L.T. MCCORMAC,
L.T. STRODE,
SGT. P. ADERSON, and
LENORD VIGIL,

    Defendants.

---

# ORDER

---

    This matter is before the court on Plaintiff's "Motion to Clarify Plaintiff's Motion for Order for Oregon Dept. of Corrections to Follow the Order by U.S. District Court of Colorado to Allow Me to Proceed with Legal Material" (Doc. No. 155, filed May 4, 2010).

    Plaintiff essentially seeks reconsideration of this court's Order of April 8, 2010 (Doc. No. 153). "The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.' Instead the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Fed. R. Civ. P. 59(e) will govern when the motion for reconsideration is filed within ten days of the judgment, and Fed. R. Civ. P. 60(b) will govern all other motions. *Id.* Plaintiff filed

his Motion on May 4, 2010, more than ten days after this court's Order. As such, Plaintiff's Motion will be construed as a Rule 60(b) motion.

Rule 60(b) "is not available to allow a party to reargue an issue previously addressed by the court when reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996). Parties seeking relief under Rule 60(b) must overcome a high hurdle because such a motion "is not a substitute for an appeal." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., Inc.*, 909 F.2d 1437, 1440 (10th Cir. 1990). Whether to grant a Rule 60(b) motion rests within the court's discretion. *See Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007).

There are three possible grounds which warrant reconsideration: (1) an intervening change in the controlling law; (2) new evidence which was previously unavailable; or (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1105, 1012 (10th Cir. 2000). In considering whether there is clear error or manifest injustice, a court may reconsider its prior ruling if it has misapprehended the facts or a party's position, but it is not appropriate to revisit issues that have previously been addressed or for a party to advance arguments that could have been raised previously. *Id.*

The bases for Plaintiff's Motion either were presented at the time he filed the motions addressed by this court in its Order (*see* Doc. Nos. 147, 148, 149, 153), or could have been presented at that time. Plaintiff continues to ask that this court revisit issues it has addressed and previously ruled on. The Motion also does not present any evidence or argument that there has

been a change in the controlling law and does not identify a specific error in the court's prior rulings that should be corrected to prevent manifest injustice. Plaintiff has not demonstrated an entitlement to relief under Rule 60(b).

Therefore, it is

**ORDERED** that Plaintiff's "Motion to Clarify Plaintiff's Motion for Order for Oregon Dept. of Corrections to Follow the Order by U.S. District Court of Colorado to Allow Me to Proceed with Legal Material" (Doc. No. 155) is **DENIED**.

Dated this 12th day of May, 2010.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge