**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 08-cv-00487-WJM-KMT

DERRICK L. ARANDA,

     Plaintiff,

v.

L.T. McCORMAC,
L.T. STRODE,
SGT. P. ANDERSON, and
LENORD VIGIL,

     Defendants.

---

**ORDER DIRECTING CLERK OF COURT TO
ASSIST IN LOCATING VOLUNTEER COUNSEL**

---

     This matter comes before the Court *sua sponte*.  The record reflects that Plaintiff is proceeding in this case *pro se*, that his Eighth Amendment claims against Defendants Leonard Vigil, L.T. McCormac, and L.T. Strode for monetary relief in their individual capacities have survived summary judgment (ECF No. 172), and that this case is currently set for a 4-day jury trial to commence on August 8, 2011 (ECF No. 178).

     The Court notes that on four previous occasions Plaintiff has requested appointment of counsel, all of which requests were denied (ECF Nos. 43, 55, 153, 188). In this context, the Court has broad discretion to direct the Clerk of Court to attempt to obtain volunteer counsel for a plaintiff in a civil case.  See *DiCesare v. Stuart*, 12F.3d 973, 979 (10th Cir. 1993).  The following factors are considered by the Court when determining   this issue  in a case of this type: (1) the merits of the litigant's claims, (2)

the nature of the factual issues raised in the claims, (3) the litigant's ability to present his claims, and (4) the complexity of legal issues raised by the claims.  See *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

The Court reaffirms its prior decisions to deny appointment of counsel as correct and appropriate given the early stages of the case in which they were entered.  At this point in the proceedings, however, Plaintiff has partially survived summary judgment, and is now facing the prospect of conducting a jury trial before the Court without legal assistance.  The Court finds that this situation presents substantially changed circumstances for Plaintiff given his very limited ability to try a case before a jury in federal court, as well as the extraordinary difficulty he faces as a layperson in dealing with the complex legal and factual issue which will arise at a jury trial, not the least of which being conducting adequate *voir dire* of potential jurors, properly examining friendly and hostile witnesses, adequately responding to a motion under Fed.R.Civ.P. 50, and drafting and objecting to jury instructions.  The Court further finds that under the factors set forth in *Rucks*, 57 F.3d at 979, justice requires that it exercise its discretion in favor of assisting Plaintiff in his efforts to locate volunteer counsel to represent him in this case.

Accordingly, the Court DIRECTS the Clerk of the Court, Attorney and Legal Services, to, as soon as practicable, make a good faith effort to locate volunteer private counsel to represent Plaintiff for the remainder of these proceedings.

It is SO ordered

Dated this 13th day of April, 2011.

BY THE COURT:

William J. Martínez
United States District Judge