**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 08-cv-00487-WJM-KMT

DERRICK L. ARANDA,

     Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,

     Defendant.

_____

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO ENFORCE
SETTLEMENT AGREEMENT**
_____

     Before the Court is Plaintiff's Motion to Enforce Terms of Settlement.  (ECF No. 270.)  Plaintiff asks this Court to enforce the settlement agreement that led to dismissal of this lawsuit in 2012.  (*See* ECF Nos. 267, 268.)

     The Supreme Court has spoken regarding federal courts' jurisdiction to enforce settlement agreements.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).  In short, enforcing a settlement agreement is usually a question of enforcing a contract under state law and creates no federal jurisdiction unless

> the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal—either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order.  In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist.

1

*Id.* at 381.

In this case, the Court did not expressly retain jurisdiction or incorporate the terms of the settlement agreement into the dismissal order.  Thus, no federal jurisdiction exists to enforce the settlement agreement simply because it led to dismissal of this lawsuit.  To enforce the settlement agreement, Plaintiff must file a new lawsuit for breach of the settlement agreement (which is essentially a lawsuit for breach of contract).[1]

Accordingly, Plaintiff's Motion to Enforce Terms of Settlement (ECF No. 270) is DENIED WITHOUT PREJUDICE to Plaintiff filing a new action in a court of appropriate jurisdiction.

Dated this 17th day of February, 2016.

BY THE COURT:

_____
William J. Martinez
United States District Judge

---

[1] If Plaintiff wishes to file that lawsuit in federal district court (as opposed to Colorado state court), his complaint must establish "diversity jurisdiction," meaning that Plaintiff must be a citizen of a different state than all of the Defendants, and the value of the relief requested must be more than $75,000.  *See* 28 U.S.C. § 1332(a).